IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                            Criminal No. **3:12CR65**

**JAMAAL POINTER,**

    Petitioner.

## MEMORANDUM OPINION

Jamaal Pointer, a federal inmate proceeding *pro se*, brings this motion pursuant to 28

U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 38).[1]

Pointer contends that, in conjunction with his guilty plea and sentencing, his trial counsel was

ineffective[2] and that the Court committed several errors.  Specifically, Pointer demands relief

because:

Claim One:    "Ineffective assistance of counsel in violation of the Sixth
Amendment." (§ 2255 Mot. 4.)

Claim Two:    "The U.S. Supreme Court in *Blakely v. Washington* and *United
States v. Booker* effectively overturned *Almendarez-Torres v.
United States* and rendered Movant's sentence unconstitutional
because he was sentenced based upon facts that were not charged
in the Indictment, not proven to any jury, and not stipulated at the
change of plea hearing." (*Id.* at 5.)

Claim Three:    "Movant Pointer respectfully avers that his criminal history score
is egregiously overrepresented due to his age, previous
convictions, mental capacity, limited educational background, and
other relevant sentencing factors not taken into consideration by
the U.S. District Court when sentencing him to 102 months." (*Id.*
at 6.)

---

[1] The Court employs the pagination assigned to Pointer's submissions by the CM/ECF
docketing system.  The Court corrects the spelling and capitalization in quotations from Pointer's
submissions.

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the
Assistance of Counsel for his defence." U.S. Const. amend. VI.

Claim Four:      "The United States District Court committed plain error when sentencing Movant Pointer." (*Id.* at 8.)

Claim Five:      "The U.S. District Court failed to substantially comply with the requirements of Federal Rules of Criminal Procedure 11 when determining there was a factual basis for a plea of guilty, as required by Fed. R. Crim. P 11(b)(3)." (*Id.* at 10 (spacing corrected).)

Claim Six:       "Movant Pointer can demonstrate 'cause and prejudice' for procedural default." (*Id.*)

Claim Seven:     "Movant Pointer can demonstrate the District Court erred in not recognizing his diminished capacity." (*Id.*)

Pointer submitted a memorandum supporting his § 2255 Motion (Mem. Supp. § 2255 Mot., ECF No. 39). The Government has responded, asserting that Pointer's claims lack merit. (ECF No. 44.) Pointer has filed a Traverse in response. (ECF No. 46.) For the reasons set forth below, Pointer's § 2255 Motion (ECF No. 38) will be DENIED.

## I.    PROCEDURAL HISTORY

On April 16, 2012, a grand jury charged Pointer with: possession of a firearm by a convicted felon (Count One), and possession of an unregistered firearm (Count Two). (Indictment 1–2, ECF No. 1.) On July 24, 2012, Pointer entered into a Plea Agreement in which he agreed to plead guilty to Count One. (Plea Agreement ¶ 1, ECF No. 19.) That same day, United States Magistrate Judge David J. Novak entered a Report and Recommendation ("R&R"), recommending that "the acceptance of the Defendant's plea of guilty and resulting judgment of guilt" be adopted. (R&R 3, ECF No. 22.) On August 10, 2012, the Honorable James R. Spencer entered an Order adopting the R&R. (ECF No. 24.)   On October 25, 2012, the Court entered judgment against Pointer and sentenced him to 102 months of imprisonment. (J. 2, ECF No. 36.) Pointer did not file an appeal.

2

## II.   ANALYSIS

### A.   Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).   To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (*quoting Strickland*, 466 U.S. at 689).   The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.   In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court has modified this second prong of *Strickland* to require the convicted defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).   Of course, in conducting the foregoing inquiry, the representations of the convicted defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).   In light of the strong presumption of verity that attaches to a petitioner's

3

declarations during his plea proceedings, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). Thus, the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221–22. No circumstances exist here that would lead the Court to consider Pointer's prior sworn statements as other than truthful.

In Claim One, Pointer asserts that counsel was ineffective in various ways. He first claims that counsel "failed to submit the appropriate motions to the U.S. District Court asking the Court to grant [him] a mental evaluation to establish diminished capacity." (§ 2255 Mot. 4.) He further argues that counsel "failed to verify charging documents to contest the validity and accuracy of the criminal history points stated [in] the Pre-Sentence Investigation Report." (*Id.*) Finally, Pointer claims that counsel "failed to fully explain the details of taking or not taking the Plea Agreement." (*Id.*) In his Memorandum, Pointer expands upon his claim in a conclusory fashion by arguing that he "was wrongfully told that the sentence would be much greater had he not pled guilty to the charges." (Mem. Supp. § 2255 Mot. 6.) He also asserts that counsel failed to "submit the appropriate motions seeking further reduction in [his] sentence . . ., and for a sentence reduction pursuant to the [18 U.S.C. §] 3553(a) factors." (*Id.* at 7.)

As an initial matter, Pointer fails to offer any basis for why counsel should have filed a motion for a mental examination. Such a conclusory allegation without any factual support fails to establish any deficiency of counsel or resulting prejudice. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of § 2255 motion appropriate where it "stated only bald legal conclusions with no supporting factual allegations").

Moreover, Pointer's claims that counsel was ineffective for failing to file a motion for a mental evaluation and failing to fully explain the details of the Plea Agreement are belied by the record. During the Rule 11 proceedings, Pointer confirmed that he could read, write, and understand English. (Gov't's Resp. Ex. 3 ("July 24, 2012 Tr."), at 10, ECF No. 44–3.) Pointer's counsel informed the Court that as a juvenile, Pointer had been treated for Attention Deficit Disorder. (July 24, 2012 Tr. 11.) Counsel for the Government stated that as far as she was aware, Pointer was not "currently under any medication or care," and that she was unaware of anything that would "inhibit his ability to understand what's going on here today." (July 24, 2012 Tr. 11.) When asked by the Court, Pointer confirmed that there was nothing about his earlier treatment that would affect his ability to understand, and that he understood what was happening during the proceedings. (July 24, 2012 Tr. 11–12.) Counsel for Pointer confirmed that Pointer was "competent to proceed." (July 24, 2012 Tr. 12.) Pointer affirmed that he had received "sufficient time" to discuss his case with his attorney. (July 24, 2012 Tr. 14–15.) He further stated that he was "satisfied entirely" with everything counsel had done for him in this matter. (July 24, 2012 Tr. 18–19.) Given these sworn statements, Pointer's claims that counsel was ineffective for failing to file a motion for a mental evaluation and failing to explain the details of the Plea Agreement are "palpably incredible." *Lemaster*, 403 F.3d at 221.

Pointer also claims that counsel wrongfully informed him that he would receive a sentence of twenty (20) years if he went to trial. (Mem. Supp. § 2255 Mot. 6–7.)[3] Even assuming *arguendo* that counsel wrongfully informed Pointer that he would face an additional ten (10) years if he went to trial, Pointer fails to demonstrate any prejudice flowing from counsel's error. Pointer faced a maximum penalty of ten (10) years of incarceration whether he went to trial or pled guilty. The Plea Agreement specifically set forth that the maximum penalty was ten (10) years. (Plea Agreement ¶ 1.) During the Rule 11 proceedings, Pointer confirmed his understanding that the maximum penalty was ten (10) years. (July 24, 2012 Tr. 13–14.) Given these circumstances and the fact that Pointer conceded that he would have been found guilty if he had gone to trial, Pointer simply fails to demonstrate any reasonable probability that he would have gone to trial but for counsel's remark that he faced a twenty-year sentence. *Hill*, 474 U.S. at 59.

Pointer next asserts that counsel failed to "verify charging documents to contest the validity and accuracy of the criminal history points stated [in] the Pre-Sentence Investigation Report." (§ 2255 Mot. 4.) In his Memorandum, Pointer explains that "most of the convictions were minor driving offenses, and the conduct that took place during the conviction phase was not properly reviewed by a capable attorney to prevent such conviction." (Mem. Supp. § 2255 Mot. 14.) Pointer was assessed 16 criminal history points, which placed him in Criminal History Category VI. (Pre-Sentence Investigation Report ("PSR") 67, ECF No. 26.) He was only assessed a total of three points for driving offenses, despite having suffered several such convictions. (*Id.* at 55–66.) Pointer has presented no factual basis for why counsel should have challenged those points. Moreover, even if counsel had successfully argued for removal of those

---

[3] According to Pointer, counsel told him that he would receive an additional ten (10) years because of the vertical foregrip on the firearm. (Mem. Supp. § 2255 Mot. 6–7.)

three points, Pointer would have received 13 criminal history points, still leaving him in Criminal History Category VI. (*Id.* at 67.) Given this, Pointer has demonstrated neither deficiency nor prejudice from counsel's alleged failure.

In his Memorandum, Pointer also claims that counsel failed to file a motion for a sentence reduction, presumably based upon his alleged diminished capacity. (Mem. Supp. § 2255 Mot. 7.) Again, such a conclusory allegation without any factual support fails to establish any deficiency of counsel or resulting prejudice. *See Sanders*, 373 U.S. at 19 (1963). Furthermore, as set forth *supra*, Pointer's claim of diminished capacity is belied by the record, and he has demonstrated no prejudice from counsel's alleged failure to file a motion for a sentence reduction based upon a meritless argument. *See Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996). In sum, Pointer has shown neither deficient performance nor prejudice, and Claim One will be DISMISSED.

**B.    Claims Barred from Review**

The Government contends that Pointer's remaining claims for relief are procedurally defaulted because they could have been raised on direct appeal. In collateral proceedings, a petitioner may not assert claims he could have raised, but failed to, on direct appeal. *Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976); *United States v. Linder*, 552 F.3d 391, 396–97 (4th Cir. 2009). A petitioner is barred from raising any claim reviewable on appeal absent showings of cause and prejudice or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). In order to establish cause, the petitioner must demonstrate that something "external to the defense" prohibited him from raising the issue on appeal. *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citation

omitted). In order to establish actual innocence, the petitioner must provide clear and convincing evidence. *Id.*

In his § 2255 Motion, Pointer asserts that he can demonstrate cause and prejudice because counsel "was ineffective and derelict in her professional responsibilities during her representation of [him], when she inexplicably failed to ensure [he] received a mental health evaluation attributable to his diminished capacity." (§ 2255 Mot. 10.) However, the Court has already determined that counsel was not ineffective for failing to do so.

In his § 2255 Motion, Pointer attributes his default of Claim Two to counsel. Specifically, he states that he "was not aware of these issues at the time of [his] criminal proceedings and would naturally assume [his] attorney would know of its existence." (§ 2255 Mot. 6.) As noted above, in Claim Two, Pointer asserts that his sentence is unconstitutional because he was sentenced based upon prior convictions that "were not charged in the Indictment, proven to a jury, or admitted by [him]." (*Id.* at 5.) Pointer further argues that the Supreme Court's rulings in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), "effectively overturned" *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). In *Almendarez-Torres*, the Supreme Court held that subsection (b)(2) of 8 U.S.C. § 1326, which authorizes a prison term of up to twenty (20) years for any alien convicted of illegal re-entry whose initial deportation was subsequent to a conviction for an aggravated felony, was a penalty provision that was not required to be charged in an indictment. 523 U.S. at 226. In *Blakely*, the Supreme Court determined that the petitioner's sentence of 90 months, more than three (3) years above the 53-month statutory maximum, violated his Sixth Amendment right to a jury. 542 U.S. at 303–05. In *Booker*, the Court held that the Sixth Amendment right to a

jury trial requires that, other than a prior conviction, only facts admitted by a defendant or proved beyond a reasonable doubt to a jury may be used to calculate a sentence exceeding the prescribed statutory maximum sentence.  543 U.S. at 226.

As an initial matter, contrary to Pointer's argument, neither *Blakely* nor *Booker* overruled *Almendarez-Torres*.   Furthermore, the law is clear that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).  Here, Pointer was never subject to a penalty beyond the prescribed statutory maximum of ten (10) years.  Moreover, to the extent Pointer challenges his previous conviction that qualified him as a convicted felon, by signing the Statement of Facts supporting his plea, Pointer stipulated that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.  (Statement of Facts ¶ 1, ECF No. 20.)  Nothing here suggests that an argument based upon *Blakely*, *Booker*, and *Almendarez-Torres* had any chance of proving meritorious.  *See Smith v. Murray*, 477 U.S. 527, 535 (1986) (recognizing "that 'the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default'" (quoting *Murray v. Carrier*, 477 U.S. 478, 486–87 (1986))).  Thus, Pointer fails to establish that counsel acted deficiently or that counsel's deficiency caused his default.

In his Memorandum, Pointer claims that he "establishes prejudice where the U.S. District Court imposed a term of imprisonment of 102 months upon [him]."  (Mem. Supp. § 2255 Mot. 20.)  However, Pointer's assertion is insufficient to demonstrate cause and prejudice, as the fact that the Court imposed a sentence of 102 months did not prevent him from raising his

9

remaining claims on direct appeal. Finally, in his Traverse, Pointer argues that procedural default should not apply because he waived his right to appeal. (Traverse 3–4.) However, the United States Court of Appeals for the Fourth Circuit has explained that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that *could have* been raised on appeal." *Linder*, 552 F.3d at 397 (citation omitted) (internal quotation marks omitted). In sum, Pointer has not presented any evidence that demonstrates cause and prejudice sufficient to excuse his failure to raise Claims Two through Seven in a direct appeal. Accordingly, these claims are without merit and will be DISMISSED.

### III.   CONCLUSION

For the foregoing reasons, Pointer's § 2255 Motion (ECF No. 38) will be DENIED, and the action will be DISMISSED. The Court will DENY a certificate of appealability.

An appropriate Order will accompany this Memorandum Opinion.

/s/
John A. Gibney, Jr.
United States District Judge

Date: 10/2/15
Richmond, Virginia

10